## BUTCHER v. GREENE.

[No. 7,647.  Filed June 18, 1912.]

1. MINES AND MINERALS.—*Gas and Oil Lease.—Construction.—Forfeiture.*—The provision of a gas and oil lease that, in the event no well is completed by a specified date, the grant shall be null and void unless a monthly rental shall be paid for each month thereafter that such completion is delayed, is not a covenant entitling the lessor to recover the rent if no well is completed, but is a condition, which works a forfeiture of the lease in the event of lessee's failure to either complete a well or pay the rent.  pp. 693, 695.

2. MINES AND MINERALS.—*Gas and Oil Lease.—Action.—Complaint.—General and Specific Allegations.*—In an action to recover rent alleged to be due under a gas and oil lease, a general allegation of the complaint that defendant took possession under the lease is controlled by specific allegations showing that although the contract was executed for the purpose of exploring for oil and gas and of erecting and maintaining buildings and structures for such purposes, defendant had failed to drill any well or wells, and from which it appeared that he had neither erected any structures or buildings nor moved any drilling machinery or implements onto the premises.  p. 694.

From Adams Circuit Court; *James T. Merryman*, Judge.

Action by Samuel A. M. Butcher against Hamer J. Greene. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*S. A. M. Butcher* and *Clark J. Lutz,* for appellant.

*Peterson & Moran,* for appellee.

ADAMS, P. J.—This appeal involves the construction of a written agreement, and the question for determination is whether the contract sued on is a lease or an option.

1. The contract, omitting the immaterial parts, is as follows:

"This indenture, made this 26th day of May, 1903, by and between S. A. M. Butcher of Adams County, in the State of Indiana, party of the first part, and Hamer J. Greene, party of the second part, witnesseth: That in consideration of the sum of Ten Dollars in cash, lawful money of the United States, this day in hand paid by the said party of the second part to the said party of the first part, the receipt whereof is hereby acknowledged, the said S. A. M. Butcher, party of the first part, hereby grants unto said party of the second part all the oil and gas in and under the following described premises, together with the right to enter thereon at all times for the purpose of operating and drilling for oil and gas, and to erect and maintain all buildings and structures, and lay all pipes necessary for the production and transportation of all oil or gas taken from said premises; excepting and reserving, however, to the first party the one sixth part of all oil produced and saved from said premises, to be delivered in the pipe lines to which said second party may connect his wells, viz: All that certain tract of land  *  *  *  containing sixteen acres, more or less. To have and to hold the above premises for and during the term of five years from this date, and as much longer as oil or gas is found or produced thereon, or a rental paid according to the terms of this lease on the following conditions:  *  *  *  In case no well is completed by August 1st, 1903 from this date, this grant shall become null and void, unless second party shall pay to said first party a rental at the rate of five dollars for each month, thereafter such completion is delayed, for the term of years above men-

tioned, to be paid at the end of each month. Second party agrees to drill one additional well after the completion of the first at intervals of six months, one well to be completed in six months after the time of the completion of the first, or forfeit the lease, as to the undrilled portion. Each well to hold eight acres, or to pay the rental as above stated, at the option of the first party. It is further hereby expressly agreed between all the parties hereto that said party of the second part shall have the right to hold said lease for the term above mentioned, if said rental is promptly paid when due; and the said sum of Ten Dollars this day received by the said first party from the said party of the second part, is the consideration for the right of the party of the second part to pay said rental and hold said lease during said term or until said wells as above provided are completed.''

It is averred in the complaint that the defendant, on May 26, 1903, took possession of said real estate by virtue of and under said lease, and has ever since had, and now has the possession of the same; that defendant wholly failed to drill a well on the real estate described prior to August 1, 1903, and has ever since failed to drill any well or wells on the premises, all without fault of plaintiff; that on October —, 1903, appellee paid appellant the instalments of rent for the months of August and September of said year in the sum of $10, and that no other rent has been paid by virtue of said lease, or under the same, although demand has been made from time to time, and payment refused; that by reason of the failure of appellee to drill wells at the time agreed on, and by reason of the failure to pay rental as provided, there is due plaintiff the sum of $400, for which he prays judgment.

Appellee demurred to the complaint for want of sufficient facts, which demurrer was sustained by the court, and appellant electing to abide by his complaint and exception to the ruling of the court in sustaining the demurrer thereto, final judgment was rendered against appellant that he take nothing by his complaint, and that appellee recover his costs.

While it is averred that appellee took possession of the real estate by virtue of the lease, and is still in possession of the same, it affirmatively appears that the contract was executed for the purpose of exploring for oil and gas, and of erecting and maintaining buildings and structures, with the right to enter at all times for such purposes. It is not shown that the contract was recorded, and there is no averment that appellee ever erected any structures or buildings, or ever moved any machinery or implements used for drilling for oil and gas, on said premises, but it is averred that appellee wholly failed to drill any well or wells, and that he availed himself of the option provided for in the event of failure to drill, by paying the rental stipulated for the months of August and September, 1903. These specific averments must be held to control the general averment of possession.

It will be noted that the instrument sued on imposes no obligation on appellee to complete a well prior to August 1, 1903, and there is no covenant on the part of appellee 1. to pay rent. The agreement simply provided that appellee was either to construct the wells or to pay rental, and failure to do either would work a forfeiture.

A similar contract was construed in *Glasgow* v. *Chartiers Oil Co.* (1892), 152 Pa. St. 48, 25 Atl. 232, wherein the contract was denominated a lease, but which the court held to be a demise of the oil and gas under the grantor's land, and the right to go on the land and operate for the purpose of exploring for oil and gas. In that case, the lease was granted for five years, and as much longer as oil and gas should be found in paying quantities. The grant was on a consideration of $100 and a royalty of one-eighth part of the oil produced. It was provided that the lease should become null and void, unless a well should be completed within one month from the date thereof, unless the lessee should pay $100 monthly in advance for each additional month. The

court held that there was no express covenant by the lessee, and the penalty for inaction was fixed in the loss of his rights under the agreement; that forfeiture might be prevented by paying the rental stipulated, and the right of forfeiture postponed one month, and this might be continued until the end of five years; but if the lessee put down no well and paid no rental in lieu thereof, the lessor might assert a forfeiture at the end of the first month. Payment was the means provided in the contract whereby the exercise of the right of the lessor to assert a forfeiture could be postponed. If the lessee did not wish to postpone the exercise of such right, he had only to refrain from making payment. See, also, *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 23 N. E. 906.

Improvident and unfair as this contract may appear, no fraud is alleged or relied on, and the question presented to us is one of construction only. We think the words used import a condition and not a covenant.

Substantially the same contract was construed in the case of *Brooks* v. *Kunkle* (1900), 24 Ind. App. 624, 57 N. E. 260, wherein this court said: ''There was no absolute requirement that the party of the second part should pay any rent, but the grant was to be void unless rent were paid. The instrument is susceptible of being construed as an expression of a rational and lawful agreement. We must construe it as expressed, attributing to the language its ordinary meaning; and we cannot construct a different contract by injecting additional words not implied in the terms employed by the parties, or by substituting meanings merely conjectured by us to be more reasonable than those expressed.''

A reversal of the judgment in this case would require the overruling of *Brooks* v. *Kunkle, supra,* and this we are unwilling to do. The case last cited has been followed and approved in *United States* v. *Comet Oil, etc., Co.* (1911), 187

Fed. 674, 683, and we think it is a correct expression of the law as applied to the facts stated in the complaint before us.

The judgment is affirmed.

NOTE.—Reported in 98 N. E. 876. See, also, under (1) 27 Cyc. 735; (2) 31 Cyc. 85. As to a lease on condition, or the enjoyment of which depends on a contingency, see 42 Am. Dec. 131. As to forfeiture by tenant for breach of conditions, see 26 Am. St. 911. As to covenants in mining leases for the diligent prosecution of the work, see 2 Ann. Cas. 446; 20 Ann. Cas. 1165.