Lamar v. Farmer—59 Ind. App. 501.

## LAMAR v. FARMER.

### [No. 8,641.   Filed October 8, 1915.]

MINES AND MINERALS.— *Oil and Gas Leases.— Construction.— Forfeiture.—Rights to Rentals.*—Under an oil and gas lease providing that lessee should commence a well within ninety days, or pay lessor twenty-five cents per acre at the end of each three months thereafter, or forfeit the lease, that completion of the well should liquidiate all rentals for the remainder of the term, and that lessee might at any time reassign to the lessor, paying all rentals to date of reassignment, the forfeiture clause was for the exclusive benefit of the lessor, so that on failure of the lessee to drill a well, or pay the rental, or reassign the lease, the lessor could either declare the lease forfeited or sue for the rentals due thereunder. (*Butcher* v. *Greene* [1912], 50 Ind. App. 692, distinguished.)

From Warrick Circuit Court; *Ralph E. Roberts*, Judge.

Action by William J. Lamar against Ira J. Farmer. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*S. B. Hatfield, H. F. Fulling* and *W. S. Hatfield*, for appellant.

*L. A. Folsom*, for appellee.

IBACH, P. J.—This appeal presents only the sufficiency of appellant's amended complaint to withstand appellee's demurrer for want of facts. This complaint is for the collection of unpaid rentals on two identical gas and oil leases. The determination of the question presented involves the construction of the following clauses of the oil leases:

"5th. Second party agrees to commence a well on these premises within ninety days from date, or pay first party twenty-five cents per acre at the end of each three months thereafter at the Dale Bank of Dale, Ind., or forfeit this lease, and the completion of such well shall be a full liquidation of all rentals during the remainder of the term of this lease. 6th. Second parties may at any time, upon the payment of one dollar, reassign this lease to the first party and be released from all conditions herein contained, but should any rentals be due at any time, same shall be paid to date of reassignment."

Appellant contends that since appellee, the lessee, did not commence a well on his premises, and did not pay appellant twenty-five cents per acre at the end of each three months as required by said lease, and paid nothing under the lease, and as appellant had not declared the lease forfeited, there is due him under the lease twenty-five cents per acre for each three months from the date of the lease to the time of filing the complaint. His contention is that the provision for forfeiture is solely for the benefit of the lessor, and the lessee can not escape liability for rent merely by failing to dig wells. This conclusion is supported by the cases of *Hancock* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 146, 70 N. E. 149; and *Risch* v. *Burch* (1911), 175 Ind. 621, 95 N. E. 123.

Appellee relies on the case of *Butcher* v. *Greene* (1912), 50 Ind. App. 692, 98 N. E. 876, in which, on the authority of *Brooks* v. *Kunkle* (1900), 24 Ind. App. 624, 57 N. E. 260, it was held that where a lease provided that in case no well was completed by a certain date, the grant should become null and void, unless the second party should pay a specified rental for each month completion was delayed, a failure to either complete the well or pay the rent is a breach of the condition automatically working a forfeiture of the lease. Appellee argues that the language used in the leases involved in the present case, "or forfeit this lease", is the equivalent of the language "this grant shall become null and void",

used in the lease involved in the case of *Butcher* v. *Greene*, *supra*, and that in the present case, on the failure of the lessee either to commence a well, or to pay rent, the lease automatically, *ipso facto*, became forfeited.

We do not agree with appellee that the condition stated in clause 5 of the lease, "or forfeit this lease", means that the lease shall become null and void, without some act of the lessor in so declaring it. By clause 6 the lessee might at any time reassign the lease, and pay one dollar and the rentals then due, and be freed from all its conditions. This provision was clearly inserted for the benefit of the lessee, and it seems to us that the conditions in clause 5 were for the benefit of the lessor, and upon the failure of the lessee to commence a well within the stated time, or pay the specified rents or reassign the lease according to its terms, the lessor might at his option declare the lease forfeited, or sue for the rentals under the lease. Thornton, Oil and Gas ˙(2d ed.) §§155, 238, 240, and cases cited. ˙

It was said by the Supreme Court in the very similar case ᴼᵒf *Hancock* v. *Diamond Plate Glass Co.*, *supra*, "The promise to pay for what it received from the appellants was the covenant of the appellee, made for the sole benefit of appellants * * *. A promise to pay can not be fulfilled by a failure to pay. Performance can not be effected by nonperformance, nor a covenant satisfied by sixty days' default. * * * In cases like this, and where it is not expressly provided that either party, or that the covenantor shall have the right, it has been uniformly held, so far as we have observed, that the right of forfeiture may be exercised by the covenantee, and not by the covenantor. Such a provision is made for the security of the one who is to be benefited by a fulfillment of the promise, and not for the benefit of the one whose interest lies in nonfulfillment. Such contracts are construed to mean that upon failure of the operator to pay the well rental, or the promised sum for delay in beginning operations, the landowner may elect to put an end to the contract

and recover what is due him, or he may waive his right of forfeiture and allow the contract to run, and enforce payments as provided in that instrument. An operator will not be allowed to set up his own default or wrong in discharge of his obligation to a landowner to pay for what he has bought. There is no doubt but an operator may be relieved of his obligation to put down a well, or to pay the sum promised for his failure, upon such terms as may be agreed upon in the contract, either of benefit to the landowner, or of inconvenience to himself; but a naked default or nonperformance, such as is set up in this case, can not be held to discharge his obligation.'' This case was quoted with approval by the Supreme Court in the later case of *Kokomo Nat. Gas, etc., Co.* v. *Matlock* (1912), 177 Ind. 225, 97 N. E. 787, 39 L. R. A. (N. S.) 675, and the court said, ''As long as said contract was in force, appellant had the right to enter on said land and prospect for natural gas and oil, and it is liable for the compensation fixed in said contract for such right, to the date said lease was cancelled.''

The complaint was sufficient, and the court erred in sustaining a demurrer thereto.

The death of appellee since the submission of this case having been suggested to the court, the judgment is reversed as of date of submission. Judgment reversed.

NOTE.—Reported in 109 N. E. 791. As to forfeiture of lease for breach of condition, see 26 Am. St. 910. As to liability for rent on oil and gas lease, see 33 L. R. A. 847. As to effect of alternative provision for rent in oil and gas lease, see 31 L. R. A. 674. On liability of lessee in oil or gas lease under provision for rent in event of failure or delay in developing premises, see 44 L. R. A. (N. S.) 50. On the rights of parties to oil or gas lease forfeited for default in payment to be made in lieu of development, see 43 L. R. A. (N. S.) 487. See, also, 27 Cyc. 734, 736.