KANSAS CITY OIL AND DEVELOPMENT COMPANY *v.*
IRICK, ET AL.

[No. 8,768. Filed December 7, 1915.]

MINES AND MINERALS.—*Oil and Gas Leases.—Enforcement.*—An oil
and gas lease providing that lessors were to have one-eighth of all
the oil produced, and $100 a year for each gas well, that one well
should be drilled every sixty days after completion of the first well
until six wells were completed, and that if no well were completed
within sixty days from date of the lease the grant should be null
and void, unless the lessee paid at the rate of fifteen dollars per
month for such delay, and that, if the lessee should fail to drill
any location as per agreement, the rental clause should hold good as
per first location, was, by reason of the rental clause, incapable of
enforcement against the lessee in an action to recover for failure

Kansas City Oil, etc., Co. *v.* Irick—60 Ind. App. 246.

to drill wells subsequent to the fourth one drilled, since the only penalty provided for such a failure was a forfeiture of lessee's rights.

From Superior Court of Allen County; *Carl Yaple*, Judge.

Action by William D. Irick and another against the Kansas City Oil and Development Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*A. W. Hamilton, C. W. Watkins, Abram Simmons* and *Frank C. Dailey*, for appellant.

*Fred H. Bowers* and *Milo N. Feightner*, for appellees.

SHEA, J.—This action was brought by appellees against appellant in the Huntington Circuit Court, to recover judgment for money alleged to be due on a contract known as an oil and gas lease. On a change of venue it was tried in the Allen Superior Court. The complaint alleges substantially that appellees were the owners as tenants in common of certain described real estate in Huntington County, Indiana; that on October 16, 1905, they leased said lands to H. E. Wilcox, superintendent of the Penn Oil Company, of Indianapolis, Indiana, for the purpose of developing same for oil and gas by putting down and operating wells; that appellees were to "have one-eighth (1-8) of all the oil produced from said premises and one hundred ($100.00) dollars a year for each gas well"; that lessees made an assignment of the lease and other assignments have been made as provided by law, and that appellant is now the sole owner of the lease; that pursuant to the terms of the lease four wells were put down, the last in the month of October, 1907; that appellant came into possession of the lease in November, 1907, and has been in the sole and ex-

clusive possession of the above leased premises and operating the four wells from that date to the present time; that the lease among other things provides "that one well should be drilled every sixty (60) days after completion of first well and second, etc., until six (6) wells were completed on said lease. 'In case no well is completed within sixty (60) days from date of lease, then grant shall become null and void unless second party pays at the rate of fifteen ($15.00) dollars for each month such com- 'pletion is delayed, and if second party should fail to drill any location per agreement in this lease, then this rental clause shall hold good the same as per first location.' " That since appellant has become the owner of the lease and taken possession of the premises, no other additional wells have been put down and appellant has not paid appellees any rental whatever for delay in putting down the wells as provided by the lease; that appellees have fully complied with all the conditions of the lease on their part, and there is now due them the sum of $1,200 as rental for delay in putting down additional wells as provided for in the lease, for which amount judgment is prayed.

The material parts of the oil and gas lease made a part of the complaint by exhibit are as follows:

"In consideration of the sum of one dollar, the receipt of which is hereby acknowledged, A. E. Slater, and W. D. Irick of Buckeye P. O., Huntington County, Indiana, of the first part, hereby grant and guarantee unto H. E. Wilcox, Supt. of the Penn Oil Co., of Indianapolis, Indiana, second party, all the oil and gas in and under the following described premises, together with the right to enter thereon at all times for the purpose of drilling and operating for oil and gas, and to erect and maintain all buildings and structures and lay all pipes neces-

sary for the production and transportation of oil and gas. The first party shall have one-eighth (1-8) part of oil produced and saved from said premises, to be delivered in the pipe line, which second party may connect all wells, namely: all that certain lot of land situated in the township of Salamonie, County of Huntington, in the State of Indiana, described as follows * * * containing forty (40) acres more or less. To have and to hold the above described premises on the following conditions: If gas is found in sufficient quantities to transport, second party agrees to pay first party one hundred ($100.00) dollars annually for the product of each and every well so drilled, and the first party to have gas free of cost for heating and lighting purposes in dwelling house. Second party shall bury all oil and gas lines when same interfere with cultivation, and pay all damage done to growing crops by reason of operating under this grant and if second party should fail to drill any location per agreement in this lease, then this rental clause shall hold good the same as per first location. In case no well is completed within sixty (60) days from this date, then this grant shall become null and void unless second party shall thereafter pay at the rate of fifteen ($15.00) dollars for each month such completion is delayed. A deposit to the credit of the first party in Exchange Bank, Warren, Indiana, will be good and sufficient payment for any money falling due on this grant. First party has the right to locate roads to and from places of operations, and all gates to be kept closed by second party after passing. One well shall be drilled every sixty (60) days after completion of first well, and second, etc., until there are six wells completed on said lease, and if second party should fail to drill any location per agreement in this lease, then this rental clause shall hold good the same as per first location. * * * The second party shall have the right to use

sufficient gas and water to run all machinery for operating said wells, also the right to remove all its property at any time, and may cancel and annul this contract at any time. It is understood between the parties to this agreement that all conditions between the parties hereunto shall extend to their heirs, executors, successors and assigns."

A demurrer to the complaint was overruled. Appellant answered in two paragraphs, the first a general denial, the second an affirmative paragraph of answer. A reply in general denial to the second paragraph of answer formed the issues submitted to the court for trial. Upon proper request a special finding of facts was made, and the court stated its conclusion thereon in favor of appellees; that they were entitled to recover the sum of $840 and interest from April 21, 1910, and judgment was rendered accordingly.

Appellant assigns that the court erred, (1) in overruling its demurrer to the complaint, (2) in the conclusion of law stated on the special finding of facts, (3) in overruling its motion for a new trial. In its brief appellant states: "The complaint is based upon contract, and the contract is made a part of the complaint. * * * The evidence consists wholly of admissions and the contract, which contract was introduced, admitted and read in evidence on the trial of the cause. The special finding of facts incorporates therein a full, true and complete copy of the contract sued on. The sufficiency of the complaint to withstand the demurrer which was applied thereto; the sufficiency of the evidence to support the judgment, and the sufficiency of the facts found by the special finding of facts, to support the conclusion of law, each and all depend upon the construction of the contract. If the ap-

pellant places the correct construction upon the contract, then the complaint must be held insufficient, the evidence must fail to support the judgment, and the facts found must fail to support the conclusion of law."

In view of the decided cases an elaborate discussion of the question presented need not be indulged in. In the case of *Brooks* v. *Kunkle* (1900), 24 Ind. App. 624, 57 N. E. 260, a contract containing a rental clause substantially identical in all essential particulars was held to be nonenforcible, as it contained no covenant to pay absolutely, the only penalty imposed upon appellee for failure to perform being a forfeiture of his rights under the contract. This case was followed in the case of *Butcher* v. *Greene* (1912), 50 Ind. App. 692, 98 N. E. 876, in which a contract of substantially the same terms was construed. The court in the latter case quotes with approval the following language from the case of *Brooks* v. *Kunkle, supra:* "There was no absolute requirement that the party of the second part should pay any rent, but the grant was to be void unless rent were paid. The instrument is susceptible of being construed as an expression of a rational and lawful agreement. We must construe it as expressed, attributing to the language its ordinary meaning; and we can not construct a different contract by injecting additional words not implied in the terms employed by the parties, or by substituting meanings merely conjectured by us to be more reasonable than those expressed." There was no absolute requirement to pay in the present contract, hence the above principle must be applied. See, also, *United States* v. *Comet Oil, etc., Co.* (1911), 187 Fed. 674; *Glasgow* v. *Chartiers Oil Co.* (1892), 152 Pa. St. 48, 25 Atl. 232; *Ohio Oil Co.* v. *Detamore* (1905),

165 Ind. 243, 73 N. E. 906. An affirmance of the judgment in this case, therefore, would require us to overrule the cases of *Brooks* v. *Kunkle, supra,* and *Butcher* v. *Greene, supra,* which we are not inclined to do.

In view of the conclusion reached other questions presented and argued need not be considered. The judgment is reversed with instructions to the court to sustain the demurrer to the complaint. Judgment reversed.

NOTE.—Reported in 110 N. E. 566. As to rights and estates acquired by completed location of mines, see 139. Am. St. 167. See, also, 27 Cyc 730, 734.